UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STACY SCHONHARDT,

                    Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

Case No. 2:17-cv-00422-RBL

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

THIS MATTER is before the Court on Plaintiff Schonhardt's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of her application for disability insurance benefits.

Schonhardt suffers from anxiety disorder and depressive disorder. *See* Dkt. 7, Administrative Record 24. She applied for disability insurance benefits in March 2014, alleging she became disabled beginning in June 2007. *See* AR 22. That application was denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before Administrative Law Judge Stephanie Martz in July 2016. *See id*. At the hearing, Schonhardt amended her alleged onset date to October 9, 2011. *See id*. Schonhardt, represented by a non-attorney representative, appeared and testified at the hearing, as did a vocational expert. *See* AR 40-78.

The ALJ determined Schonhardt not to be disabled. *See* AR 19-39. The Appeals Council denied Schonhardt's request for review, making the ALJ's decision the final decision of the

ORDER - 1

Commissioner of Social Security. *See* AR 1-6; 20 C.F.R. § 404.981. In March 2017, Schonhardt filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Schonhardt argues that the Commissioner's decision to deny benefits should be reversed and remanded for an immediate award of benefits or for further administrative proceedings because the ALJ erred in evaluating the medical evidence in the record and Schonhardt's testimony, and therefore in finding at step five of the sequential evaluation process that Schonhardt was capable of performing work available in the national economy.

The Commissioner argues that the ALJ did not err in evaluating the medical evidence or Schonhardt's testimony, so the ALJ's finding that Schonhardt was not disabled was supported by substantial evidence and should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if

ORDER - 2

supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

## I. The Medical Evidence in the Record

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

//

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). A physician's opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

### A.     David Widlan, Ph.D.

Schonhardt argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of examining psychologist David Widlan, Ph.D. *See* Dkt. 9 at 4-12. The Court disagrees.

In July 2016, Widlan examined Schonhardt and found that Schonhardt appeared incapable of consistently negotiating routine social stressors or maintaining persistence or pace even within an unstressful and isolated employment setting. *See* AR 817. The ALJ gave Widlan's opinion little weight because, among other reasons, the opinion was "inconsistent with and lack[ed] support from the medical evidence of record during the relevant period." *See* AR 32. An ALJ need not accept a physician's opinion if that opinion is inadequately supported by clinical findings or "by the record as a whole." *See Batson*, 359 F.3d at 1195. Also, physicians' reports rendered retrospectively must establish that the diagnosis extends back continuously to before the date last insured. *See Flaten v. Sec'y, Health & Human Servs.*, 44 F.3d 1453, 1461-62 (9th Cir. 1995).

ORDER - 4

Here, Widlan stated that the onset of Schonhardt's disability was no later than October 9, 2011. *See* AR 817. However, the ALJ found that the treatment record from the alleged onset date to the date last insured of December 31, 2012, was inconsistent with the severity of the limitations assessed by Widlan in July 2016. *See* AR 32. Substantial evidence supports this finding. The ALJ noted that in the relevant 15-month period Schonhardt primarily presented to her treatment providers for physical ailments. *See* AR 30 (citing AR 393-403). Schonhardt suffered a panic attack in October 2011, which she described at the time as occurring about once a year, and she was administered medication and discharged. *See* AR 348-50. Two weeks later, she presented to her treatment providers with a calm, positive affect and no pressured speech or agitation. *See* AR 405. Schonhardt reported that taking a full Xanax tablet, rather than a half, was "more effective" for relieving her anxiety symptoms, and her treatment providers increased her dosages. *See id*. Schonhardt next reported fatigue and trouble sleeping due to anxiety to her treatment providers in August 2012. *See* AR 392. She was prescribed new medication, which she reported improved her anxiety and ability to sleep. *See* AR 390. The ALJ noted that Schonhardt began to report being more prone to panic attacks and to receive more consistent treatment for her mental health after her date last insured of December 31, 2012. *See* AR 31.

Schonhardt argues that any reports of "improvement" must be understood in the context of a claimant's overall well-being and the cyclical nature of symptoms. *See* Dkt. 9 at 5-7. Schonhardt notes that the medical record shows frequent severe panic attacks in late 2013. *See id*. at 8-9. Schonhardt argues that these attacks were consistent with her mental health symptoms and her functional capacity before the date last insured. *See id*. However, the ALJ noted that reports in the medical record regarding Schonhardt's anxiety-related symptoms, rather than appearing in cycles, greatly increased only after the date last insured. *See* AR 31. Therefore,

ORDER - 5

substantial evidence supports the ALJ's finding that treatment notes from the relevant period were inconsistent with Widlan's opinion that Schonhardt was incapable of negotiating routine social stressors or maintaining persistence or pace in a workplace during that period.

### B. Vanessa Edrich, M.D.

Schonhardt argues that the ALJ erred by failing to provide a specific and legitimate reason supported by substantial evidence to discount the opinion of treating physician Vanessa Edrich, M.D. *See* Dkt. 9 at 12-14. The Court disagrees.

In May 2016, Edrich completed a medical opinion letter in which she stated that Schonhardt's impairments would cause her to be off-task more than 25% of a workday and to miss work three or more days per month. *See* AR 620. The ALJ gave Edrich's opinion little weight because, among other reasons, the opinion "lack[ed] support from specific objective findings in the available medical evidence of record for the alleged period of disability." *See* AR 32.

For the same reasons described above, substantial evidence supports the ALJ's finding that objective medical evidence from the relevant period did not support Edrich's opinion that Schonhardt would be severely off-task or unable to maintain attendance during that period. *See supra* § I.A. Moreover, Edrich reported in her medical opinion letter that her opinion was based on Schonhardt's subjective complaints rather than Edrich's own clinical observations. *See* AR 620; *see also Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (ALJ may discount treating provider's opinion where opinion is based "to a large extent" on claimant's self-reports and not on clinical evidence). Therefore, the ALJ did not err in evaluating the medical evidence.

//

//

ORDER - 6

## II. Schonhardt's Testimony

Schonhardt argues that the ALJ erred by failing to give a clear and convincing reason supported by substantial evidence to discount Schonhardt's testimony. *See* Dkt. 9 at 14-17. The Court disagrees.

Questions of credibility are solely within the responsibility of the ALJ. *See Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

Schonhardt testified that she had panic attacks about twice a week that resulted in pain, exhaustion, memory problems, learning problems, and inability to concentrate. *See* AR 56, 59. Schonhardt stated that she could hardly get out of bed due to these symptoms. *See* AR 56. The ALJ, "out of an abundance of caution," assessed Schonhardt with an RFC that included several cognitive and social limitations. *See* AR 27, 31. However, the ALJ discounted Schonhardt's statements concerning the intensity and persistence of her symptoms before her date last insured

ORDER - 7

because the statements were inconsistent with the clinical evidence and Schonhardt's activities during the relevant period.

A determination that a claimant's testimony is "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *See Regennitter v. Comm'r, Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). Also, an ALJ may discount a claimant's testimony when a claimant's activities contradict her other testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, the ALJ noted that clinical observations during the relevant period found that Schonhardt was cooperative, alert, calm, and oriented, with normal memory. *See* AR 30 (citing AR 349, 405). The ALJ also noted that Schonhardt's mental health symptoms were controlled with medication and that Schonhardt did not seek additional treatment for large gaps of time during the relevant period. *See* AR 30-31; *supra* § I.A. Finally, the ALJ found Schonhardt's testimony to be inconsistent with her ability to travel to New Orleans without apparent issue during the relevant period. *See* AR 30 (citing AR 404). Therefore, the ALJ provided clear and convincing reasons supported by substantial evidence to discount Schonhardt's testimony.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds that the ALJ properly concluded Schonhardt was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 4th day of October, 2017.

Ronald B. Leighton
United States District Judge

ORDER - 8